UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

ALEX KAPANADZE,

                          Plaintiff,

    -against-

CITIBANK,

                          Defendants.

-----------------------------------------------------------------X

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

Plaintiff, ALEX KAPANADZE ("Plaintiffs"), by and through his attorneys, M. Harvey Rephen & Associates, P.C.,

By Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant, CITIBANK (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

2. Plaintiff ALEX KAPANADZE is a resident of the State of New Jersey, residing at 95 Hillside Blvd., Lakewood, New Jersey 08701.

3. Defendant CITIBANK is an NEW YORK corporation with an address located at 399 PARK AVENUE, NEW YORK, NY 10043.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On or about November 1st 2015, Defendant began communicating with Plaintiff by means of automated telephone calls to the Plaintiff's mobile telephone numbers of 848-224-5525 and 848-224-5530 at least 15 times.

8. On November 24th 2015 the Plaintiff placed a call into the defendant and connected with a female representative.

9. The Plaintiff requested that he no longer be contacted by autodialer and gave the representative the phone

numbers that were being contacted.

10. The representative asked for his date of birth and the last four of his social to access the account.

11. The Plaintiff stated again he wanted all automated calls to stop on all of his accounts.

12. The representative went on to tell the Plaintiff what he currently owed on his account.

13. The Plaintiff once again stated he just wanted the autodialed calls to stop and proceeded to give her the phone

numbers again. He then questioned why the balance owed on the account was so high.

14. The representative explained it was because it also included the current bill. That if he was to pay off what was

overdue the remaining balance was not owed until the next due date.

15. The Plaintiff then asked if he could switch the due date but it turned out to be fine so he left it as is.

16. The representative then asked the Plaintiff if he was going to make a payment on the account now and the

Plaintiff told her not at this time due to financial difficulty.

17. The representative then asked which number he wanted taken off and for the Plaintiff's cell phone since it was not on file.

18. The Plaintiff explained he just wanted to be contacted by a live person, not by autodialer.

19. The representative explained to the Plaintiff by him giving the Defendant his numbers he automatically agrees to have them contact him by autodialer since the computer just dials the numbers for them.

20. The Plaintiff stated again he does not wish to be contacted by autodialer, and that he wanted to be contacted only by a live person and that his numbers stay on file.

21. The representative once again questioned him about a payment. Plaintiff declined at this time and the call was concluded.

22. After the conclusion of the phone call with the Defendant the Plaintiff received at least 263 more calls.

23. Since the start of the calls on or about November 1st 2015 the Plaintiff has received approximately 278 calls in all.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through 23" herein with the same force and effect as if the same were set forth at length herein.

25. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), any person within the United States or any person outside the United States, if the recipient is within the United States, is prohibited from using any automatic telephone dialing

system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call.

26. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

27. Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of both text and telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

28.     Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

29.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.  For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B.  For statutory damages provided and pursuant to 15 USC§1692k(2)(B)

C.  For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

D.  For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

E.  A declaration that the Defendant's practices violated the TCPA;

F.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      March 27, 2017

Respectfully submitted,

TO

_____
EDWARD B. GELLER, ESQ.
EDWARD B. GELLER, ESQ., P.C., OF COUNSEL

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK  10464
TEL:(914)473-6783

*Attorney for the Plaintiff* ALEX KAPANADZE

To:   CITIBANK
      399 PARK AVE
      NEW YORK, NY 10043
      *(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608
*(Via Electronic Court Filing)*